# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

Randy Swinson
#349-19-03405

Write the full name of each plaintiff.

No. 20 CV 0994
(To be filled out by Clerk's Office)

-against-

## COMPLAINT
(Prisoner)

Do you want a jury trial?
☒ Yes ☐ No

CITY OF NEW YORK, CAPT BERNARD MATHIS, CAPT JOHN HERNANDEZ SHEILD #1806, CO WELLS SHEILD # 13745, CO MASONI SHEILD NO. 1134, SECURITY CO MARTINEZ, SECURITY DEPUTY GALLOWAY AND WARDEN SWARUREZ

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

RECEIVED
FEB 5 - 2020
PRO SE OFFICE

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☒ Violation of my federal constitutional rights

☐ Other: ______________________

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

Randy E Swinson

First Name | Middle Initial | Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

349-19-03405

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

MANHATTAN DETENTION COMPLEX

Current Place of Detention

125 WHITE STREET

Institutional Address

NEW YORK | NEW YORK | 10013

County, City | State | Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☒ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☐ Convicted and sentenced prisoner

☐ Other: ______________________

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

BERNARD | MATHIS | N/A
First Name | Last Name | Shield #

SECURITY CAPTIN AT MDC
Current Job Title (or other identifying information)

125 WHITE STREET
Current Work Address

NEW YORK | NY | 10013
County, City | State | Zip Code

Defendant 2:

JOHN | HERNANDEZ | 1906
First Name | Last Name | Shield #

SECURITY CAPTIN
Current Job Title (or other identifying information)

125 WHITE STREET
Current Work Address

NEW YORK | NY | 10013
County, City | State | Zip Code

Defendant 3:

 | GALLOWAY | N/A
First Name | Last Name | Shield #

SECURITY DEPUTY AT JAIL
Current Job Title (or other identifying information)

125 WHITE STREET
Current Work Address

NEW YORK | NY | 10013
County, City | State | Zip Code

Defendant 4:

 | SWAREZ | N/A
First Name | Last Name | Shield #

WARDEN OF MANHATTAN DETENTION COMPLEX
Current Job Title (or other identifying information)

125 WHITE STREET
Current Work Address

NEW YORK | NY | 10013
County, City | State | Zip Code

DEFENDANTS INFORMATION CONTINUATION

DEFENDNAT 5: CO WELLS SHEILD NO 13745, SECUIRTY OFFICER, MANHATTAN DETENTION COMPLEX, 125 WHITE STREET NY NY 10013

DEFENDAT 6: CO MASONI SHEILD NO. 1134, SECUIRTY OFFICER , MANHATTAN DETENTION COMPLEX, 125 WHITE STREET NY NY 10013

DEFENDANT 7: CO MARTINEZ, SHEILD NO. UNKNOWN, SECURITY OFFICER, MANHATTAN DETENTION COMPLEX, 125 WHITE STREET NY NY 10013

## V. STATEMENT OF CLAIM

Place(s) of occurrence: Nov 29 2019 - Present, MDC City Jail

Date(s) of occurrence: Nov 29-2019 - Present

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

THIS SECTION WILL BE COMPLETED ON TYPING PAPER ATTACHED

SEE ATTACHMENT PAGES

**FACTS SECTION OF 1983 COMPLAINT**

1. THE PLAINTIFF IS CURRENTLY BEING HOUSED IN A 23 AND 1 LOCK DOWN UNIT DUE TO AN ORDER SIGNED BY THE JUDGE.

2. THE PLAINTIFF WAS RECIEVING SOCIAL SERVICE SERVICES WITHOUT AN ISSUE UNTIL THE DEFENDANTS BECAME AWARE THAT THE PLAINTIFF WAS USING THESE SERVICES TO TAKE OF HIS LEGAL MATTERS INCLUDING CIVIL MATTERS AGAINST THE DEFENDNATS NAMED HEREIN.

3. ONCE THISE CAME OUT THE SOCIAL SERVICE CIVILIAN WAS DENIED ANY CONTACT WITH THE PLAINTIIF.

4. WHEN THE PLAINTIFF AND OTHER INMATES HOUSED IN UNIT 9 NORTH FILED GRIEVANCES OVER THIS MATTER. THER RESPONSE WAS THAT ALL REQUEST FOR SOCIAL SERVICES MUST GO THROUGH THE SECURITY OFFICE AT THE FACILITY FOR APPROVAL FIRST.

5. WHEN THE PLAINTIFF ASK FOR THE FORM TO REQUEST SOCIAL SERVICE HE WAS TOLD BY THE GRIEVANCE OFFICER MRS WILLIAMS THAT SHE WAS TOLD BY SECURITY DEP AND CAPTINS THAT THE PLAINTIFF MUST MAKE HIS REQUEST ON A PLAIN WHITE PIECE OF PAPER AND WAIT FOR SECURITY TO COME AND GET IT FROM HIM.

6. FOR OVER TWO (2) MONTHS NOW THE PLAINTIFF HAS HAD PERSONAL ISSUES IN WHICH HE NEEDS TO SPEAK WITH SOCIAL SERVICE WORKER TO ADDRESS AND THE DEFENDANTS NAMED HEREIN REFUSES TO COME AND PICK UP HIS REQUEST NOR HAS THE FACILITY OR THE DEFENDANTS MADE A SAFE AND CONFIDENTIAL FORM IN WHICH THE PLAINTIFF COULD MAKE ANY OTHER REQUEST.

7. THE GRIEVANCE OFFICER MRS WILLIAMS INFORMED THE PLAINTIFF THAT SHE HAD EMAIL EVIDENCE THAT THE DEPUTY WARDEN OF THE FACILITY WAS NOTIFIED AND STATED THAT HE WOULD ADDRESS THE MATTER.

8. THE GRIEVANCE OFFICER MRS WILLIAMS ALSO INFORMED THE PLAINTIFF THAT SHE WAS INFORMED BY FACILITY OFFICIALS THAT THE WAS A SOCIAL SERVICE MAIL BOX BEING PLACED ON HOUSING UNIT 9 NORTH SOLEY FOR THAT PURPOSE.

9. AS OF THE DATE OF THE COMPLETION OF THIS COMPLAINT THERE IS NO BOX ON HOUSING UNIT 9 NORTH.

10. DURRING ONE DAY IN THE MONTH OF JAN DEFENDANT CAPTIN BERNARD MATHIS CAME TO HOUSING UNIT 9 NORTH AND THREATNE ANOTHER INMATE BY THE NAME OF ALEXANDER WILLIAMS SAYING TAKE MY NAME OF THAT LAW SUIT AND YOUR HOUSE WOULD GET SOCIAL SERVICE. THIS SAME TIME THE SAME DEFENDANT ORDERED ONE OF THE OFFICERS THAT WAS WITH HIM TO SEARCH THAT SAME INMATE CELL STATING "TAKE ANY LEGAL PAPERS YOU FIND WITH MY NAME ON THEM".

11. THE ABOVE NOTED STATEMENT WAS BASICALLY A THREAT THAT THE PLAINTIFF WILL NOT RECIVE SOCIAL SERVICE SERVICES UNLESS THE INMATE BY THE NAME OF ALEXANDER WILLIAMS WITHDREW HIS LAW SUIT ON THE SECURITY CAPTIN.

12. ONCE CAPTIN BERNARD MATHIS EXITED THE UNIT, THE INMATE INFORMED THE PLAINTIFF AND EVERYONE ELSE IN THE HOUSING UNIT THAT CAPTIN MATHIS HAD ALREADY THREATHEN HIM AND THAT HE HAD ALREADY WITHDREW HIS CIVIL COMPLAINT ON HIM BECAUSE THE CITY WAS NOT PROPELY PROTECTING HIM FROM THE DEFENDANT EVEN AFTER BEING NOTIFED NUMEROUS TIMES. THAT INMATE ALEXANDER WILLIAMS SIAD IF THAT WAS THE ISSUE WITH SOCIAL SERVICE THEN THE HOUSING UNIT SHOULD BE RECEIVING IT BECAUSE HE LIVED UP TO HIS PART OF THE DEAL.

## LIABILITY FACTORS OF EACH DEFENDANT

13. THE CITY OF NEW YORK IS LIABLE DUE TO THE FOLLOWING REASONS:

A). THE CITY IS RESPONSIBLE FOR ENSURING THAT THE PLAINTIFF RECIEVE ALL SERVICES CLASSED UNDER NEW YORK CITY JAIL MINIMUM STANDARD LAW.

B). THE CITY OF NEW YORK IS WELL OF THE ISSUES GOING ON AT THE MANHATTAN DETENTION COMPLEX IN RELATIONS TO SECURITY AND ILLEGAL TAMPERING FROM THE COMPLAINT OF **ALEXANDER WILLIAMS VS CITY OF NEW YORK 19-CV-3347, 19-CV-9528, 19-CV-8737 (SDNY) & SUPREME COURT OF THE STATE OF NEW YORK INDEX NO 100910/2019 AND 101616/2019.**

C). THE CITY OF NEW YORK IS LIABLE BECAUSE THEY AS A DEFENDANT IS WELL AWARE THAT MANHATTAN DETENTION COMPLEX IS NOT AFFORDING INMATES THEIR MINIMUM STANDARDS BY LAW BECAUSE THEY WERE NOTIFIED IN **CHRISTOPHER TERRY VS CITY OF NEW YORK 19-CV-9688, 20-CV-0081, TRUELL JAMES VS CITY OF NEW YORK 19-CV-9688 AND RANDY SWINSON VS CITY OF NEW YORK 19-CV-1919.**

14. THE CITY OF NEW YORK FIAL TO PREVENT FURTHER VIOLATIONS OF INMATES RIGHTS AFTER BEING NOTIFIED IN THE ABOVE MENTIONED CASES, ESPECIALLY WHEN SOME OF THE DEFENDANTS NAMED HEREIN ARE THE SAME ONES NAMED IN THE ABOVE MENTIONED CASES.

15. THE CITY OF NEW YORK FAILED TO PROPERLY TRAIN AND SUPERVISE, THE CITY OF NEW YORK IS LIABLE FOR MAINTAINING A CUSTOM PLOCIY THAT VIOLATES THE RIGHTS OF THE PLAINTIFF,

THE CITY OF NEW YORK IS LIABLE FOR FAILURE TO PROTECT THE RIGHTS OF THE PLAINTIFF, FIRST AMENDMANT RIGHST OF THE PLAINTIFF **(BECAUSE SOCIAL SERVICE IS WHAT THE PLAINTIFF USES TO SEND OUT CERTIFIED MAIL, MAIL TO FAMILY COURT, IRS AND COURT IN HIS CASE ALONG WITH OTHER CORRESPONDENCES FACTORS)**, FOURTH AND SIXTH AND FOURTEENTH AMENDMENT FOR VIOLATION OF THE PLAINTIFF DUE PROCESS RIGHTS.

16. THE CITY OF NEW YORK IS LIABLE WHEN IT FAIL TO MAKE CERTAIN THAT THE PLAINTIFF WAS GIVEN PROPER NOTIFICATION IN THE CHANGE OF THE SOCILA SERVICE POLICY AND INFORMED IN BLACK AND WHITE ON HOW AND WHAT HE MUST DO IN ORDER TO ACCESS SOCIAL SERVICE SERVICES WHILE HE IS DETAINED AT THE FACILITY. THE DEFENDANT NEW YORK CITY IS WELL AWARE THAT ANY/ALL PROCEDURES THAT AFFECT THE PLAINTIFF MUST BE POSTED SOMEWHERE IN THE HOUSING UNIT BY CORRECTION LAW AND THE CITY FAIL TO APPOINT SOME-ONE TO ENSURE THAT THIS INFORMATION IS POSTED IN HOUSING UNIT.

17. WARDEN SWAUREZ IS LIABLE FOR THE FOLLOWING REASONS:

A). THERE WAS MULTIPLE GRIEVANCES FILED IN RELATION TO THE COMPLAINT AND EACH GRIEVANCE WAS APPEALED TO THE HEAD OF THE FACILITY WHO HAS A CERTAIN AMOUNT OF DAYS TO ISSUE A RESPONSE IN RELATION TO SAID GRIEVANCE BY THE GRIEVANCE POLICY. THE DEFENDANT FAILED TO DO SO ALLOWING THE RIGHTS VIOLATION TO CONTINUE.

B). AS THE WARDEN THE DEFENDAT HAS THE RESPONSIBILITY TO ENSURE AND PROTECT THE RIGHST OF THE PLAINTIFF AND TO ENSURE THAT STAFF UNDER HER COMMAND IS PROPERLY TRAINED AND PROPPERLY INSTITUTING THE POLICY AND PROCEDURE OF THE MINIMUM STANDARD LAW LAID OUT BY HER EMPLOYEES THE CITY OF NEW YORK.

C). THE WARDEN AS THE DEFENDAT HAD THE RESPONSIBILITY TO INVESTIGATE THE COMPALINT MADE AGAISNT HER STAFF TO PROPELY ADDRESS THEM TO PREVENT FURTHER VIOLATION AND SHE FAILED TO DO SO WHICH LEAD TO FUTHER VIOLATIONS OF THE PLAINTIFFS RIGHT IN LEFT HER LIABLE FOR VIOLATING THE PLAINTIFF'S RIGHST AS FOLLOWED: MAINTAINING A CUSTOM POLICY, DUE PROCESS VIOLATION, FORUTH, SIXTH AND FOURTHTEETH AMENDMENT, CRUEL AND UNUASL PUNISHMENT, AND FIRST AMENDMENT VIOLATION.

18. SECURITY DEPUTY WARDEN CALLOWAY IS LAIBLE FOR THE FOLLOWING REASONS:

A). DUE TO THE HISTORY OF WORKING WITH CAPTIN MATHIS IN GMDC HE ALLOWS THE DEFENDANT CARTE BLANCH IN ANY/ALL SITUATION, THIS IS CLEARLY EVIDENCE THAT SUPPORTS HIS FAILURE TO SUPERVISE AND TRAIN.

B). THE DEFENDANT DEPT CALLOWAY WAS DIRECTLY IN CONTACT WITH GRIEVENACE OFFICER WIULLIAMS AND RESPONDED TO HER FOLLOW UP ON THE GRIEVENACES IN RELATION TO THIS MATTER BY EMIAL ASSURRING HER THAT HE AND HIS SECURITY OFFICERS WOULD MAKE THE PROPER ACCOMINDATION IN ASSURRING THAT THE PLAINTIFF RECIVED ACCESS TO THE FACILITY SOCIAL SERVICE SERVICES.

C). AS THE DEPUTY WARDEN OF SECURITY THE DEFENDANT IS LIABLE FOR KNOWING AND READING THE COMMAND ORDER UNDER HIS BRANCH AND ENSURRING THAT HE AND HIS SECURITY TEAM PROPERLY INSTITUTE AND POLICY THAT WAS SENT DOWN TO HIM WHEN HE FAILED TO DO SO THAT LEFT HIM LAIBLE FOR THE PLAINTTIFF'S VIOLATIONS AS FOLLOWED; FIRST AMENDMENT RIGHTS, FOURTH, SIX AND FOURTH-TEENTH AMENDMENT RIGHTS, CRUEL AND UNUSUAL PUNISHEMNT, FIALURE TO PROPERLY TRAIN AND SUPERVISE AND MAINTAINING A CUSTOM POLICY.

19. THE FOLLOWING DEFENDANT(S) CO MASONI 1134, SECURITY OFFICER MARTINEZ, CAPTIN JOHN HERNANDEZ AND CAPTIN BERNARD MATHIS IS LIABLE FOR THE FOLLOWING REASONS:

A). EACH OF THE ABOVE NAMED DEFENDANTS WAS APPROACHED AND ADDRESSED ON THE MATTER BY ANOTHER CAPTIN CAPTIN OR DEP THAT WORKS AT THE MANHATTAN DETENTION COMPLEX, EACH OF THEM WHEN ADDRESSED ASSURREED THAT MOVING FORWARD THAT THEM OR A MEMBER OF THEIR TEAM WOULD PICK UP SOCIAL SERVICE SLIP (THAT DO NOT EXIST IN NYC DEPT OF CORRECTIONS) DAILY AND APPROVE THEM FOR SOCIAL SERVICE, WHEN THIS DID NOT HAPPEN THAT LIEFT EACH OF THE DEFENDANTS LIABLE FOR VIOLATING THE PLAINTIFF RIGHST AS FOLLWOED: FIRST AMENDMENT, FOURTH SIXTH AND FOURTHTEENTH AMENDMENT, FAILING TO SUPERVISE AND MAINTAINING A CUSTOM POLICY.

B). EACH OF THE DEFENDANT ARE AWARE THAT THERE WAS A POLICY CHANGE IN HOW THE PLAINTIFF WOULD BE ABLE TO ACCESS THE SOCILA SERVICE SERVICES AT THE JAIL AND EACH OF THEM WILLINGLY AND KNOWINGLY IGNORED THIS POLICY.

C). EACH OF THE DEFENDANTS MISUESED THEIR POSTION AS SECURITY OFFICERS TO VIOLATE AND THREATHEN THE CONSTITUTIONAL RIGHTS OF THE PLAINTIFF DEEMING THEM LIABLE FOR COMPENSATION.

20. THE DEFENDANT CO WELLS SHEILD NO 13745 IS LIABLE FOR THE FOWLLOING REASONS:

A). SOMETIME DURRING THE MID OF JAN 2020 WHEN WALKING AND TORRING WITH THE WARDEN HE ACKNOWLEDGE TO EACH INMATE IN THE HOUSING UNIT 9 NORTH OF THE POLCIY CHANGE AND STATED THAT SECUIRTY WHICH IS HE WILL BE TO THE UNIT DAILY TO PICK UP SS SOCIAL SERVICE FORMS REQUEST FROM ANY/ALL INMATES IN THE HOUSING UNIT.

B). THIS ACKNOWLEDGEMENT SUPPORTS THAT HE CLEARLY UNDERSTOOD AND HAD KNOWLEDGE OF THE POLCIY AND STILL DID SOMETHING SEPARET IN REGARDS TO THE COMPLAINT HEREIN.

C). THIS DEFENDANT AND CO MASONI SHEILD NO 1134 WAS THE SAME SECURITY OFFICERS WHO IN JULY 2019 CONFISCATED ANOTHE INAMTE MAIL AND THEN THREATYNE HIM WITH PEPPER SPRAY AND ACTS OF VIOLENCE WHEN HE COMPLAINED ABOUT THE CONFICATION OF HIS LEGAL MAIL WITHOUT NOTICIFICATION OR REASONS WITHOUT A LEGAL WARRANT. DEFENDANT JOHN HERNANDEZ WAS LEADING THIS THREATH ON THAT DATE JULY 2 2019 AND THE CITY AND THE DEFENDANTS ARE CURRENTLY IN COURT ON THAT MATTER UNDER INEX NO 101616/2019 NEW YORK STATE SUPREME COURT.

SEE ATTACHMENT PAGES

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

AS A RESULT FROM THE DEFENDANTS ACTION THE PLAINTIFF HAVE NOT BEEN ABLE TO CORRESPOND WITH THE COURT AND OTHER AGENCY, HAVE NOT BEEN AFFORDED THE MINIMUM STANDARDS GUARANTEED TO HIM BY THE CITY OF NEW YORK, MENTAL STRESS AND ANGUISH, RETALIATION

## VI. RELIEF

State briefly what money damages or other relief you want the court to order.

PLAINTIFF REQUEST COMPENSATION IN THE AMOUNT OF ONE MILLION DOLLARS, PLAINTIFF ALSO REQUEST THAT EACH OF THE DEFENDANTS NAMED HEREIN BE MOVED TO ANTHER CITY JAIL TO PREVENT RETALIATION UPON THE PLAINTIFF AS SEEN AND WITNESS THESE ACTS ON ANOTHER INMATES WHO EXCERISED HIS LEGAL RIGHT TO CIVIL LITIGATION

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

FEBUARARY 3 2020 — Randy Swinson

Dated — Plaintiff's Signature

Randy — E — Swinson

First Name — Middle Initial — Last Name

125 WHITE STREET

Prison Address

NEW YORK — NY — 10013

County, City — State — Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: 02/04/2020

RANDY SWINSON B&C# 3491903405
125 WHITE STREET
NEW YORK NY 10013

FOREVER
USA

united states district court
SOUTHERN DISTRICT OF NEW YORK
PRO-SE INTAKE UNIT
500 PEARL STREET
NEW YORK NEW YORK 10007

USM P3
SDNY

RECEIVED
FEB 5 - 2020
POST OFFICE

10007$1330 C014