UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RANDY SWINSON,

                Plaintiff,

-against-

CITY OF NEW YORK; CAPT. BERNARD MATHIS; JOHN HERNANDEZ, Shield #. 1806; CO WELLS, Shield # 13745; CO MASONI, Shield No. 1134; SECURITY CO MARTINEZ; SECURITY DEPUTY GALLOWAY; WARDEN SWARUREZ,

                Defendants.

1:20-CV-0994 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently detained in the Manhattan Detention Complex ("MDC"), brings this *pro se* action under 42 U.S.C. § 1983, alleging that the defendants violated his federal constitutional rights. By order dated March 4, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

**BACKGROUND**

The following allegations are taken from the complaint: Plaintiff is a pretrial detainee housed in a lock-down unit of MDC pursuant to a judge's order. He alleges that he was receiving unspecified "social services"[2] until the defendants became aware that he "was using these services to take [care] of his legal matters including civil matters against" the defendants.[3] (ECF 2, at 6.)

Grievance Officer Williams, who is not named as a defendant in this action, told Plaintiff that "security dep[uties] and capt[a]ins" told her that Plaintiff must make a request for social services on "a plain white piece of paper and wait for security to come and get it from him." (*Id.*) Plaintiff alleges that he has needed to speak with a social worker for over two months, but the defendants have refused to pick up his request forms or make "a safe and confidential form in which the plaintiff could make any other request." (*Id.* at 6.) Plaintiff further alleges that facility officials told Grievance Officer Williams that a social service mailbox would be placed on Plaintiff's unit, but that has not happened.

The complaint also describes an incident in which Defendant Mathis, an MDC Security Correction Captain, told another detainee, Alexander Williams, that Mathis would allow detainees in Plaintiff's unit access to social services if Williams agreed to drop Mathis as a defendant in a previous civil action that Williams had filed. Williams withdrew his civil complaint against Mathis and informed Plaintiff that the unit prisoners should begin receiving social services again "because he lived up to his part of the deal." (*Id.* at 7.)

---

[2] Plaintiff typed the complaint using all capital letters. When quoting the complaint, the Court uses regular capitalization for readability.

[3] Elsewhere in the complaint, Plaintiff indicates that he was using social services "to send out certified mail, mail to family court, IRS, and [the] court in this case along with other correspondence factors." (ECF 2, at 8.)

As a result of the defendants' actions, Plaintiff "has not been able to correspond with the court and other agenc[ies]," and has "not been afforded the minimum standards guaranteed to him" by the City of New York. (*Id.* at 10.) He sues the City of New York, MDC Security Correction Captains Bernard Mathis and John Hernandez, MDC Security Deputy Warden Galloway, MDC Warden Swarurez, and MDC Security Correction Officers Wells, Masoni, and Martinez. He seeks $1 million in damages and requests that each defendant "be moved to an[o]ther city jail" to prevent their retaliation against him. (*Id.*)

## DISCUSSION

Plaintiff's specific legal claims are unclear. The complaint invokes 42 U.S.C. § 1983 and alleges that the defendants violated Plaintiff's rights under the First, Fourth, Sixth, Eighth, and Fourteenth Amendments. The Court liberally construes the complaint as asserting claims under § 1983 that the defendants violated Plaintiff's alleged right of access to social services and his right of access to the courts. To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

A. **Access to social services**

The crux of Plaintiff's complaint is that the defendants denied him access to social services. But pretrial detainees "do not have a free-standing, affirmative constitutional right to social services." *Brown v. City of New York*, No. 14-CV-0188, 2015 WL 374935, at *4 (S.D.N.Y. Jan. 29, 2015) (citing *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000)); *see also Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991) (holding that the plaintiff's denial-of-social-services claim fails to allege a constitutional violation). Plaintiff alleges that he uses social services to send his legal mail. But he does not otherwise indicate the nature of the social services he has

4

been denied. Nor does he plead any facts suggesting that he has a constitutional right to those services.

Plaintiff appears to suggest that the defendants are failing to follow the New York City Department of Correction's ("DOC") own rules or policies regarding detainee requests for social services. For example, he alleges that the defendants created a policy requiring inmates to use a specific request form but then refused to collect it. And he asserts that the defendants are failing to provide him with services "classed under New York City Jail Minimum Standard [sic] law." (ECF 2, at 7.) But allegations that City officials are failing to comply with City law or DOC policies do not give rise to a federal constitutional claim. *See Rivera v. Wohlrab*, 232 F. Supp. 2d 117, 123 (S.D.N.Y. Nov. 6, 2002) ("[T]he law is settled that failure to follow a[n agency] [d]irective or prison regulation does not give rise to a federal constitutional claim."); *see also McDarby v. Dinkins*, 907 F.2d 1334, 1337 (2d Cir. 1990) (rejecting the plaintiff's claim that his right to due process under the federal constitution is violated by a City agency's failure to follow the City's Administrative Code); *Morton v. Cnty. of Erie*, 335 F. Supp. 3d 449, 455 n.2 (W.D.N.Y. Sept. 26, 2018) ("Section 1983 provides a cause of action for deprivation of federal, and not state, rights.") (citing *Wimmer v. Suffolk Cnty. Police Dep't*, 176 F.3d 125, 136 (2d Cir. 1999)).

The Court therefore dismisses Plaintiff's § 1983 claim that the defendants denied him access to social services for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

B.  **Access to the courts**

To the extent that Plaintiff is asserting that by denying him access to social services, the defendants have effectively denied him access to the courts because he was using social services as a means of sending legal mail, the Court must dismiss that claim.

To state a claim of denial of access to the courts, a plaintiff must allege facts showing that the defendant's conduct: (1) "was deliberate and malicious," and (2) "resulted in actual injury to the plaintiff such as the dismissal of an otherwise meritorious legal claim." *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (internal quotation marks omitted). To demonstrate actual injury, a plaintiff must allege: (1) a valid underlying cause of action separate from the right-of-access claim; and (2) frustration or hindrance of the litigation caused by the defendant's actions. *See Christopher v. Harbury*, 536 U.S. 403, 413-15 (2002).

"[A] prisoner's right to the free flow of incoming and outgoing mail is protected by the First Amendment." *Davis*, 320 F.3d at 351 (relying on *Heimerle v. Attorney General*, 753 F.2d 10, 12-13 (2d Cir. 1985)). Courts "have consistently afforded greater protection to legal mail than to non-legal mail, as well as greater protection to outgoing mail than to incoming mail." *Id.* at 351. To state a claim based on mail tampering, a plaintiff must allege that the incidents: (1) suggest an ongoing practice of censorship unjustified by a substantial government interest, or (2) have unjustifiably chilled the prisoner's right of access to the courts or impaired his legal representation. *Id.* Thus, in *Davis*, the Second Circuit held that the district court correctly dismissed the plaintiff's claims arising from two instances of prison officials' interference with his mail on the ground that the plaintiff had "not alleged that the interference with his mail either constituted an ongoing practice of unjustified censorship or caused him to miss court deadlines or in any way prejudiced his legal actions." *Id.* at 352, 354-55.

Here, Plaintiff may be suggesting that the defendants have violated his First Amendment right of access to the courts "because social services is what the plaintiff uses to send out certified mail, mail to family court, IRS, and court." (ECF 2, at 8.) But he fails to allege facts suggesting an ongoing practice of interference or tampering with his legal mail, and the

6

complaint does not allege that he is unable to send legal mail or communicate with the courts through the regular channels provided to detainees in his facility. Furthermore, Plaintiff fails to allege any facts suggesting that the defendants' actions have in any way prejudiced his legal actions or impaired his legal representation. The Court therefore dismisses any § 1983 claims Plaintiff may be asserting that the defendants violated his right of access to the courts for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

### C. Municipal liability

When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Because Plaintiff has failed to allege facts suggesting that any of his constitutional rights have been violated, he cannot state a § 1983 claim against the City of New York. In any amended complaint naming the City of New York as a defendant, Plaintiff must allege facts suggesting the existence of a municipal policy, custom, or practice that caused a violation of his constitutional rights.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because it is unclear whether Plaintiff may be able to allege additional facts to state a claim that his First Amendment right of access to the courts has been denied, the Court grants Plaintiff sixty days' leave to amend his complaint to detail his claims.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case, including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: *who* violated his federally protected rights; *what* facts show that his federally protected rights were violated; *when* such violation occurred; *where* such violation occurred; and *why* Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 1:20-CV-0994 (CM). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the action will be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  March 23, 2020
        New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge