**USDC-SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC#:**
**DATE FILED:** 04/22/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RANDY SWINSON,

                          Plaintiff,

             v.

CITY OF NEW YORK, et al.,

                          Defendants.

20-CV-994 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

The Court is in receipt of Mr. Swinson's second amended complaint dated March 16,

2021. *See* Dkt. 27. On April 19, 2021, counsel for Defendant City of New York filed a letter

asking Mr. Swinson to further clarify his allegations against several of the newly named

defendants. *See* Dkt. 28 (attached). As the City notes, although the complaint's allegations center

on occurrences at the Manhattan Detention Complex, several of the newly identified defendants

appear to be connected to Mr. Swinson's new facility on Rikers Island (GRVC). The City also

notes that the second amended complaint does not "describe [these defendants'] involvement in

the allegations." Indeed, the Court cannot identify any allegations in the second amended

complaint that mention Defendants Cottman, Renee, or LaCroix.

No later than June 22, 2021, Mr. Swinson shall write a letter to the Court supplementing

his second amended complaint by clarifying what he is alleging against Defendants Cottman,

Renee, and LaCroix, and any other information he wishes to provide in response to the City's

letter. In light of the Plaintiff's *pro se* status, the Court intends to consider any allegations

contained in this letter as part of the second amended complaint, so long as they are consistent

with the complaint itself. *See Khater v. API Indus., Inc.*, No. 16-CV-6695 (CS), 2017 WL

6515531, at *2 (S.D.N.Y. Dec. 19, 2017) (internal quotation marks omitted) ("[G]iven the

mandate that a *pro se* plaintiff's complaint be construed liberally, I will consider all documents Plaintiff has submitted to the Court."); *Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013).

The deadline for all defendants to respond to the complaint is adjourned *sine die*. The City is directed to file a status update no later than July 16, 2021 concerning the next steps in this litigation.

The Clerk of Court is respectfully directed to mail a copy of this order to Mr. Swinson at the GRVC (#3491903405, 09-09 Hazen Street, East Elmhurst, NY 11370), *see* Dkt. 27, and to update the docket to reflect his new address.

SO ORDERED.

Dated:     April 22, 2021
           New York, New York

Ronnie Abrams
United States District Judge



**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**ALESSANDRA DECARLO**
*Assistant Corporation Counsel*
phone: (212) 356-2469
adecarlo@law.nyc.gov

April 19, 2021

**VIA ECF**
Honorable Ronnie Abrams
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    <u>Randy Swinson v. City of New York, et al.</u>
               20-CV-994 (RA)

Your Honor:

       I am an Assistant Corporation Counsel in the Office of James E. Johnson, Corporation Counsel for the City of New York, and the counsel of record for defendant City of New York ("City") in the above-referenced matter. Defendant City writes to respectfully request that: (1) the Court issue an order directing plaintiff to provide, by a date certain set by the Court, further clarifying information to assist the Office of the Corporation in attempting to answer or otherwise respond to plaintiff's Second Amended Complaint; and (2) that the Court hold in abeyance the response to the Second Amended Complaint for defendants City, Captain John Hernandez, Shield No.1806, Community Coordinator Keziah Eaddy, Correction Officer Sandra Espinosa, Shield No. 1776, Captain Jennifer Cottman, Warden Sherma Dunbar, Warden Jean Renee, and ADW John Doe "LaCroix" until plaintiff provides the abovementioned clarifying information.[1] As set forth below, clarification from plaintiff is necessary for this office to attempt to ascertain the actual involvement of the aforementioned individuals that plaintiff seeks to sue. Because plaintiff is proceeding *pro se* and is currently incarcerated, this request is made directly to the Court.

---

[1] Although this request is not made on defendants Captain John Hernandez, Shield No.1806, Community Coordinator Keziah Eaddy, Correction Officer Sandra Espinosa, Shield No. 1776, Captain Jennifer Cottman, Warden Sherma Dunbar, Warden Jean Renee, and ADW John Doe "LaCroix" behalf, as this office has not resolved representation with these officers at this time, we hope that the Court may, *sua sponte*, grant this request.

## I.   <u>Procedural History</u>

By way of background, on or about February 5, 2020 and April 13, 2020, respectfully, plaintiff Randy Swinson filed a Complaint and Amended Complaint alleging that from January 2020 to February 2020, he was deprived of social service benefits while incarcerated at the Manhattan Detention Complex ("MDC"), 9 North.  (Civil Docket Nos. 2 and 6).  Specifically, plaintiff alleges that the Department of Correction ("DOC") eliminated social service benefits from 9 North in response to a Jane Doe Social Service officer becoming intimately involved with an unknown inmate.  Upon information and belief, plaintiff seeks to sue two Jane Doe Officers – a Social Service officer and the Deputy Warden of Security.

As Your Honor may recall, on May 18, 2020, the Court ordered defendant City to ascertain the identities and service address of the two Jane Doe officers plaintiff seeks to sue. (Civil Docket No. 8).  Specifically, the Order required this Office to ascertain the identities of a Security Deputy Warden and Supervisor of Social Services.  On or about October 28, 2020, defendant City provided the Court and plaintiff with the identities of the individuals employed as the Security Deputy Warden and Supervisor of Social Services at MDC between January and February 2020–specifically Captain John Hernandez, Shield No. 1806 and Community Coordinator Keziah Eaddy.  (Civil Docket No. 23).

On or about October 29, 2020, the Court issued an order directing plaintiff to file a Second Amended Complaint within thirty (30) days.  (Civil Docket No. 24).  Plaintiff failed to do so.  The Court then issued a subsequent order, on or about January 14, 2021, providing plaintiff with a final opportunity to file a Second Amended Complaint by February 15, 2021. (Civil Docket No. 25).  Plaintiff, again, failed to do so.   On or about March 2, 2021, the Court issued a third order directing plaintiff to file a Second Amended Complaint by April 2, 2021 and indicating that his failure to do so "will result in dismissal of this action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b)."  (Civil Docket No. 26).  On or about April 5, 2021, plaintiff filed an untimely Second Amended Complaint naming Captain John Hernandez, Shield No. 1806 and Community Coordinator Keziah Eaddy as defendants, as well as newly identified individuals and allegations regarding incidences that appear to have occurred at plaintiff's new facility– George R. Vierno Center located on Rikers Island.  Notably, plaintiff's Second Amended Complaint seeks to sue four (4) newly identified defendants, however fails to describe their involvement in the allegations.  As such, defendant City respectfully requests that the Court issue an order directing plaintiff to provide, by a date certain set by the Court, further clarifying information to assist the Office of the Corporation in attempting to answer or otherwise respond to plaintiff's Amended Complaint.

Additionally, as plaintiff filed his Second Amended Complaint or about April 5, 2021, an answer is due on behalf of defendant City on or about April 19, 2021.  (Civil Docket No. 27). Accordingly, defendant City respectfully requests that the Court hold in abeyance the response to the Second Amended Complaint for defendants City, Captain John Hernandez, Shield No.1806, Community Coordinator Keziah Eaddy, Correction Officer Sandra Espinosa, Shield No. 1776, Captain Jennifer Cottman, Warden Sherma Dunbar, Warden Jean Renee, and ADW John Doe "LaCroix" until plaintiff provides the abovementioned clarifying information.  The requested relief would allow for the undersigned to file one answer on behalf of all defendants, should we represent all defendants, once all defendants have been served.

Defendant City thanks the Court for its consideration herein.

Respectfully submitted,

Alessandra DeCarlo
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:     **By First-Class Mail**
        Randy Swinson, #3491903405
        *Pro Se Plaintiff*
        George R. Vierno Center
        09-09 Hazen Street
        Housing 2A2
        Bronx, New York 11370